### Camelia C. Davis v. John Adams et al.

#### Decided May 21, 1910.

**1.—Limitation—Ten Years—Successive Occupants.**

Evidence as to possession of land by successive claimants, considered, and held sufficient, although accompanied with much swapping and trading and with little formality, to warrant the court in instructing a verdict for the defendants under their plea of limitation of ten years.

**2.—Same—Insufficient Evidence.**

Evidence as to occupancy of land considered and held insufficient to show such continuous adverse possession by the defendant and his predecessors in title as would authorize the submission of the issue of title by limitation under the ten years statute.

Appeal from the District Court of Shelby County. Tried below before Hon. James I. Perkins.

*Davis & Davis,* for appellant.

*Bryarly, Carter & Walker,* for appellees.

REESE, Associate Justice.—This is an action in trespass to try title by Mrs. Camelia G. Davis against a number of defendants, including the present appellees, Rama Hutto, J. T. Jones and J. T. Harris, to recover a tract of 640 acres of land known as the R. N. Moore survey, in Shelby County.

Each of the present appellees pleaded title by limitation of ten years to a defined portion of the land, disclaiming as to the balance. In this way, Hutto claimed a tract of 112 acres, Jones, one of 144 acres, and Harris, one of 80 acres.

Upon trial, with the assistance of a jury, the court instructed a verdict for the defendants Hutto and Jones for the lands claimed by them respectively, and submitted to the jury the issue as to Harris' title under the ten years statute of limitation. The jury returned a ver-

dict for Harris, and, as instructed, for the defendants Jones and Hutto, and against the other defendants, upon which judgment was rendered. From the judgment in favor of Hutto, Jones and Harris, the plaintiff appeals.

Some of the defendants suffered judgment by default. As to three of them, plaintiff, conceded their right to hold the land claimed by them respectively, and judgment was rendered accordingly.

The several assignments of error present the questions as to each of the appellees Jones and Hutto, that the evidence did not authorize a recovery by them, and especially, that it was not sufficient to authorize the peremptory instruction in their favor; and as to Harris, that it did not raise the issue of title by limitation in him, and the court erred in not giving the requested charge to return a verdict against him; and also, that the verdict in his favor is against the preponderance of the evidence.

No question is raised as to appellant's title, and the court, in its charge, assumed without objection, that she had a right to recover except in so far as such right was defeated by the adverse possession of the defendants, or some of them, under their pleas of limitation.

The evidence as it is presented by the statement of facts, is very confusing, and it has been only by the most careful reading and re-reading of it that any idea could be gathered of the essential facts. We have been able to arrive at the following conclusions from the evidence:

The suit was begun February 3, 1905. About the year 1889, probably during that year, and not later than 1890, several different parties entered upon this tract of land, divided it up among themselves, each man measuring off his claim, marking the boundaries thereof, by blazing the lines.

The claimants of the tracts claimed in this suit by Hutto and Jones, settled upon the lands respectively claimed by them, establishing their residences thereon, opening fields, etc. Their possession was accompanied with all the evidence of adverse and peaceable possession as those terms are defined in the statute. Their claim was to the limits of the blazed lines referred to. It does not satisfactorily appear that such possession was continued in any one person for ten years, and there was much swapping and trading with very little formality; but the possession of their respective holdings by Jones and Hutto, and their predecessors in title or claim, has been continuous and unbroken from the date of the first settlement in 1889 or 1890 to the present time, each claimant, in the chain of transfers, claiming to the extent of the designated boundaries of his claim, and transferring the land thus claimed to his successor in title so as to make a continuous adverse possession under claim of title to the respective tracts claimed by Hutto and Jones, and adjudged to them, since the date named. While, as we have said, the evidence as it is presented to us is confusing, it is undisputed, and the conclusions stated are shown by the undisputed evidence. Our conclusion is that the trial court did not err in instructing the jury to return a verdict for Jones and Hutto for the lands claimed by them respectively.

As to the appellee Harris, the evidence, as we understand it, is fa-

tally defective in that it does not show, nor tend to show such con-
tinuous, adverse possession by him and his predecessors in title of the
land claimed by him as would give title under the ten years statute.
There was no possession of this tract by anybody except by enclosure
and cultivation of a small field, the extent of which is not shown, un-
til about two years before the suit was instituted, when for the first
time, a house was built on the land and a residence established thereon.
The evidence does not show nor tend to show such continuous use and
cultivation of this field by the respective claimants of this tract, as
would be necessary to support a limitation title.  Appellee Harris must
rely, to make out his title, upon the possession of this tract by Bil-
lingsly and Newt Stewart for part of the time, and it is conclusively
shown that, during the time such possession by them of this tract
is claimed, they lived upon and were claiming the land now claimed
by Jones, who relies upon such possession to make out his title.    In
this and other respects, the evidence in support of Harris' claim, looked
at in the most favorable light in which it can be viewed, fails to show
such continuous adverse possession in him and his predecessors in title
as would authorize the submission of the issue to the jury of his title
by limitation.   It may be that the evidence has lost something of its
force from the manner in which it has been presented by the statement
of facts, and it does not appear to have been fully developed, and for
these reasons the cause should be remanded for a new trial as to him.

The judgment as to Hutto and Jones is affirmed, and as to Harris,
it is reversed and remanded for another trial.

*Reversed and remanded.*